28

CRABTREE, Plaintiff-Appellant, v. JOHNSON et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5546. Decided September 12, 1956.

Buchanan, Peltier & Fuller, Otis C. Buchanan, of Counsel, Columbus, for plaintiff-appellant.

Ballard, Dresbach, Crabbe & Newlon, Lloyd E. Bilger, of Counsel, Columbus, for defendant-appellee, F. Louise Johnson.

Collis Gundy Lane, Columbus, for defendant-appellee, E. L. Schottenstein Department Stores, Inc.

Lee H. Kramer, Columbus, for defendant-appellee, U-Drive-It Company.

**OPINION**

By THE COURT.

Submitted upon motion of two of the defendants-appellees, to wit, E. L. Schottenstein Department Stores, Inc., and the U-Drive-It Company, seeking orders dismissing the appeal for the reason that the same was not perfected within the time required by law.

The record reveals that the action against these appellees and also against a third defendant, to wit, F. Louise Johnson, was one for damages arising out of the negligent operation of a certain motor vehicle. The two appellees herein filed answers to the petition constituting a general denial.

The case came on for trial, the jury was impaneled and sworn and at the conclusion of the opening statement of counsel for the plaintiff these appellees moved for a dismissal of the action as to them for the reason that the pleadings and opening statement of plaintiff's counsel showed no cause of action against either of them. Both motions were sustained. The case then went on to trial as to the defendant Johnson, which resulted in a verdict in her favor. A judgment was rendered for this defendant on May 10, 1956, and on May 21, a motion for a new trial was filed which was overruled on June 15 and on July 5 notice of appeal was filed on questions of law. It should be noted, however, that the entry dismissing Schottenstein as a party defendant was filed on May 4 and that dismissing the U-Drive-It Company was filed on May 8th. These orders of dismissal were final orders as they constituted a final disposition of the case, as to each of them. It will be noted that the motion for a new trial was filed more than ten days after these judgments and the same was not seasonably filed. **Sec. 2321.19 R. C.** Therefore, the time for the filing of the notice of appeal began to run from the dates of the judgment entries, to wit, May 4, 1956, in the Schottenstein case, and May 8, 1956, in the U-Drive-It Company case. The notice of appeal was filed on July 5, 1956, which was more than twenty days from the date of the judgments and the same was not filed within the time required by §2505.07 **R. C.** Therefore the Court has no jurisdiction to entertain an appeal against these two appellees, and the motions will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.